IN THE CIRCUIT COURT OF ST. LOUIS CITY
22nd JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| I.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 1022-CC12071 |
| v. ) | |
| ) | Division No. |
| THE WASHINGTON UNIVERSITY ) | |
| ) | **JURY TRIAL REQUESTED** |
| Serve at: ) | |
| Defendant has agreed to waive ) | |
| service and acknowledgement of such ) | |
| will be filed with this Court. ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED PETITION

COMES NOW, Plaintiff I.S., by and through the undersigned counsel and for the First Amended Petition against Defendant The Washington University states as follows:

### STATEMENT OF FACTS

1. The Defendant made an unauthorized disclosure of I.S.'s confidential medical records to I.S.'s employer, ExpressJet, on or about January 15, 2010.

2. The medical records given to ExpressJet included information about I.S.'s HIV status and mental health issues.

3. The Defendant gave ExpressJet the medical records in-question during the time that I.S. was under the care of the Defendant for treatment of colon cancer.

4. I.S. was treated by the Defendant for colon cancer at their facility located within the judicial district of the City of St. Louis.

5. At no time did I.S. execute a written authorization allowing the Defendant to release medical information about I.S. to ExpressJet.


EXHIBIT 3

6. At no time did I.S. execute a written authorization allowing the Defendant to release medical information to ExpressJet about I.S.'s HIV status or mental health issues.

7. The release of I.S.'s protected medical information to ExpressJet was not done under a recognized exception to disclosure-without-authorization under state or federal law.

8. The Defendant' failure to obtain a written authorization before disclosing I.S.'s medical records also violated their own Privacy Policy which states the Defendant "will ask for your written authorization before [the Defendant] use or disclose [a patient's] health information."[1]

9. At the time of the unauthorized disclosure, I.S. was on medical leave, due to colon cancer treatments, from I.S.'s job as a flight steward with ExpressJet.

10. ExpressJet is a charter air service that provides domestic and international air travel to, among others, corporate executives, professional athletes and celebrities.

11. In early January 2010, I.S. contacted the Defendant, at their location within this judicial district, requesting a list of dates of I.S.'s colon cancer treatments be forwarded to ExpressJet to satisfy ExpressJet's medical leave policies.

12. The Defendant, in response to I.S.'s request to give ExpressJet the dates of I.S.'s colon cancer treatments and nothing more, improperly gave ExpressJet a set of medical records that discussed I.S.'s HIV status, mental health issues and insomnia treatments.

13. I.S. did not request medical records or any information concerning the substance of I.S.'s colon cancer treatments or other conditions be provided to ExpressJet.

14. I.S. did not give the Defendant authorization to give ExpressJet any medical information or records beyond a simple statement of the dates of I.S.'s colon cancer treatments.

---

[1] http://wuphysicians.wustl.edu/page.aspx?pageID=144&NavID=4

15. I.S. did not give the Defendant authorization to give ExpressJet information about I.S.'s HIV status or mental health issues.

16. Not only did the Defendant fail to send ExpressJet a list of dates of I.S.'s colon cancer treatments, none of the medical records the Defendant sent to ExpressJet were related to I.S.'s colon cancer treatments.

17. The medical records the Defendant gave to ExpressJet detailed I.S.'s medical care that occurred several years prior to I.S.'s colon cancer treatments and well before I.S. began employment with ExpressJet.

18. ExpressJet did not need the information the Defendant sent to satisfy their medical leave policies as it pre-dated I.S.'s employment and was unrelated to I.S.'s medical leave for colon cancer treatment.

19. Several weeks after the Defendant gave ExpressJet portions of I.S.'s medical records detailing I.S.'s HIV status and mental health issues, ExpressJet terminated I.S.'s employment.

## JURISDICTION AND VENUE ARE PROPER IN THIS COURT

20. Plaintiff I.S. is an individual and resides in the State of Missouri.

21. Defendant The Washington University is a Missouri corporation in good standing and located within this judicial district.

22. Venue is proper in this judicial district pursuant to V.A.M.S. § 508.010.

## COUNT I – BREACH OF FIDUCIARY DUTY OF CONFIDENTIALITY

23. Plaintiff incorporates by reference paragraphs 1 through 22 as if fully restated herein.

24. I.S. was under the medical care of the Defendant for treatment of colon cancer.

25. As a result of this relationship, the Defendant incurred a fiduciary duty of confidentiality to protect the confidential medical information of I.S.

26. The Defendant breached their duty by providing confidential medical information to I.S.'s employer without authorization.

27. The Defendant did not have written authorization to give I.S.'s employer this protected medical information.

28. The Defendant did not have oral authorization to give I.S.'s employer this protected medical information.

29. The information improperly given to I.S.'s employer included information about I.S.'s HIV status and mental health issues.

30. Several weeks after the Defendant gave ExpressJet portions of I.S.'s medical records detailing I.S.'s HIV status and mental health issues, ExpressJet terminated I.S.'s employment.

31. The Defendant' breach of confidentiality has damaged I.S. in an amount greater than twenty-five thousand dollars (USD $25,000.00) and Defendant's wantonly reckless and outrageous conduct warrants imposition of punitive damages.

## COUNT II – NEGLIGENCE

32. Plaintiff incorporates by reference paragraphs 1 through 22 as if fully restated herein.

33. I.S. was under the medical care of the Defendant for treatment of colon cancer.

34. As a result of this relationship, the Defendant had a duty to protect the confidential medical information of I.S.

35. The Defendant breached their duty by providing protected medical information to I.S.'s employer without authorization.

36. The Defendant did not have written authorization to give I.S.'s employer this protected medical information.

37. The Defendant did not have oral authorization to give I.S.'s employer this protected medical information.

38. The Defendant failed to follow reasonable precautions to ensure the protection of I.S.'s medical information.

39. The Defendant failed to follow their own written and publicized policy of requiring written authorization before releasing I.S.'s medical information.

40. The information improperly disclosed to I.S.'s employer included information about I.S.'s HIV status and mental health issues.

41. Several weeks after the Defendant gave ExpressJet portions of I.S.'s medical records detailing I.S.'s HIV status and mental health issues, ExpressJet terminated I.S.'s employment.

42. As a result of Defendant's negligence, I.S. has been damaged in an amount greater than twenty-five thousand dollars (USD $25,000.00) and Defendant's wantonly reckless and outrageous conduct warrants imposition of punitive damages.

## COUNT III – NEGLIGENCE PER SE

43. Plaintiff incorporated by reference paragraphs 1 through 22 as if fully restated herein.

44. I.S. was under the medical care of the Defendant for treatment of colon cancer.

45. The Defendant is a covered entity for purposes of the Health Insurance Portability and Accountability Act ("HIPAA").

46. Plaintiff I.S. is a member of the class HIPAA was created to protect.

47. Plaintiff I.S.'s medical records are the type of information HIPAA was created to protect.

48. HIPAA was created to protect against the inappropriate disclosure of an individual's health information.

49. The Defendant gave protected medical information to I.S.'s employer without I.S.'s written consent or authorization.

50. The Defendant gave protected medical information to I.S.'s employer without I.S.'s oral consent or authorization.

51. The information disclosed to I.S.'s employer included information about I.S.'s HIV status and mental health issues.

52. The Defendant' disclosure of I.S.'s medical information without consent or authorization is a violation of HIPAA.

53. As a result of Defendant's negligence, I.S. has been damaged in an amount greater than twenty-five thousand dollars (USD $25,000.00) and Defendant's wantonly reckless and outrageous conduct warrants imposition of punitive damages.

## COUNT IV – PUBLIC DISCLOSURE OF PRIVATE FACTS

54. Plaintiff incorporated by reference paragraphs 1 through 22 as if fully restated herein.

55. I.S. was under the medical care of the Defendant for treatment of colon cancer.

56. As a result of this relationship, the Defendant incurred a duty to protect the confidential medical information of I.S.

57. The protected medical information in Defendant possession included I.S.'s HIV status and mental health issues.

58. The Defendant published I.S.'s HIV status and mental health issues by improperly giving medical records containing this information to I.S.'s employer.

59. The Defendant did not have written authorization to give I.S.'s employer this information.

60. The Defendant did not have oral authorization to give I.S.'s employer this information.

61. I.S.'s HIV status and mental health issues are not of legitimate public concern.

62. Disclosure of I.S.'s medical records, including I.S.'s HIV status and mental health issues, has brought I.S. shame and humiliation.

63. Disclosure of such information would bring shame and humiliation to one of ordinary sensibilities.

64. As a result of Defendant's public disclosure of I.S.'s medical records, I.S. has been damaged in an amount greater than twenty-five thousand dollars (USD $25,000.00) and Defendant's wantonly reckless and outrageous conduct warrants imposition of punitive damages.

<u>JURY TRIAL REQUESTED</u>

65. A jury trial is requested on all counts.

WHEREFORE, Plaintiff I.S. requests that this Court enter judgment against Defendant The Washington University in an amount that is fair and reasonable, in excess of twenty-five thousand dollars (USD $25,000.00), together with post-judgment interest, punitive damages, an award of Plaintiff's attorney fees and costs incurred in pursuing this action and for such further relief as this Court deems just and appropriate.

LAW OFFICE OF BRIAN F. REINHOLD, P.C.

By: _____
Brian F. Reinhold #57276
111 Prospect Avenue
Suite 201B
Kirkwood, MO 63122
314.909.4701
314.594.2056 (Fax)
breinhold@reinholdlawoffice.com

*Attorney for Plaintiff*