UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| I.S., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:11CV235SNLJ |
| THE WASHINGTON UNIVERSITY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff originally filed this multicount action regarding the disclosure of confidential medical information to plaintiff's employer without her authorization in the Circuit Court of the City of St. Louis. On or about February 4, 2011 defendant removed this action to federal court on the basis of federal subject matter jurisdiction. This matter is before the Court on the defendant's motion to dismiss Count III of the plaintiff's first amended complaint [10], filed February 10, 2011; and plaintiff's motion to remand [12], filed February 10, 2011. Extensive responsive pleadings have now all been filed and the matter raised by these motions is now ripe for disposition.

In the first amended complaint, plaintiff alleges that during the relevant time-period plaintiff was being treated by defendant for colon cancer. Plaintiff further alleges that in early January 2010, plaintiff requested defendant to forward to plaintiff's employer, ExpressJet, only the dates of plaintiff's colon cancer treatments to satisfy ExpressJet's medical leave policies. Plaintiff further alleges (either instead or in addition to the list of cancer treatment dates) that defendant, without any authorization from plaintiff, forwarded to ExpressJet a set of medical

records including information regarding plaintiff's HIV status, mental health issues, and insomnia treatments.

Count III of the plaintiff's amended complaint is a state claim for "negligence per se".[1] Both of the instant motions present the same dispute regarding Count III. Defendant contends that Count III is simply a thinly-disguised attempt to bring a private cause of action for violation of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§1320d, *et. al.* Defendant argues that it is well-established that HIPAA does not create a private cause of action for violations of the Act. It seeks dismissal of Count III for lack of subject matter jurisdiction, then remand of remainder of case to state court.[2]

Plaintiff, on the other hand, argues that Count III is a properly stated claim for "negligence per se". Plaintiff argues that reference to HIPAA is a required element of Missouri law on "negligence per se". Plaintiff further argues that HIPAA simply provides the standard of care by which to adjudge the defendant's negligence. It is the plaintiff's position that Count III's reference to HIPAA does not confer federal subject matter jurisdiction; thus, plaintiff's amended complaint should be remanded to state court as it now stands.

There is no dispute that HIPAA does not create a private cause of action, either via §1983 or through an implied right of action. Dodd v. Jones, 623 F.3d. 563, 569 (8th Cir. 2010); Adams v. Eureka Fire Prot. Dist., 352 Fed.Appx. 137, 139 (8th Cir. 2009); Webb v. Missouri, 2007 WL 805797, *2 (W.D.Mo. March 14, 2007); Bradford v. Blake, 2006 WL 744307, *3 (E.D.Mo.

---

[1] In fact, all of the counts contained in the plaintiff's amended petition assert Missouri common law claims: Count I - Breach of Fiduciary Duty of Confidentiality; Count II - Negligence; and Count IV - Public Disclosure of Private Facts.

[2] The Court notes that also currently pending before the Court is defendant's motion to strike Counts II and IV of plaintiff's amended complaint [8], and the plaintiff's motion for sanctions [22]. These motions will shortly be addressed by the Court.

March 23, 2006), *aff'd* 227 Fed.Appx. 534 (8th Cir. 2007); Bradford v. Semar, 2005 WL 1806344, *3 (E.D.Mo. July 28, 2005). Furthermore, there is no express provision establishing a private cause of action, or any clear implication of Missouri legislative intent to recognize a private cause of action in Missouri statutes regarding patients' rights. *See*, Fierstein v. DePaul Health Center, 949 S.W.2d 90, 93 (Mo.App. 1997); *see also*, Bradford v. Blake, at *3; Bradford v. Whitworth, 2006 WL 1933808, *4, n.3 (E.D.Mo. July 11, 2006).

Here, plaintiff contends that plaintiff is only referencing HIPAA in order to establish the standard of care by which to adjudge whether defendant's acts were negligent. Plaintiff further contends that under Merrill Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986), a federal statute which does not provide a private cause of action may be a legitimate element of a state law claim. Plaintiff further contends that this issue has been decided in K.V. & S.V. v. Women's Healthcare Network, LLC, 2007 WL 1655734 (W.D.Mo. June 6, 2007) wherein the Court held that the plaintiff's "negligence per se" claim was a state law cause of action despite its reference to HIPAA. The Court based its holding on Merrill Dow, *supra.* and remanded the case to state court.

Upon review of Merrill Dow, *supra.* and its progeny, and K.V. & S.V. v. Women's Healthcare Network, the Court finds that Count III may stand as a state claim for negligence per se despite its exclusive reliance upon HIPAA.

Removal of a state court action based upon federal question jurisdiction is governed by the "well-pleaded complaint" rule. Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d. 772, 779 (8th Cir. 2009); Gore v. Trans World Airlines, 210 F.3d. 944, 948 (8th Cir. 2000)(*citing* Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)); *see also*, Merrill Dow Pharms., 478 U.S. at 808 ('[W]hether a claim `arises under' federal law must be determined by

3

reference to the `well-pleaded complaint.'"). This rule dictates that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392. The plaintiff is the master of his/her complaint and may avoid federal removal jurisdiction by relying exclusively on state law. Caterpillar, Inc., 482 U.S. at 392, n.7.

A claim arises under federal law if federal law creates the cause of action in the complaint or if the vindication of a right under state law necessarily depends on resolution of a substantial question of federal law. Merrill Dow Pharms., 478 U.S. at 808. The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrill Dow Pharms., 478 U.S. at 813. However, the plaintiff's "characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." Peters v. Union Pacific Railroad Co., 80 F.3d. 257, 260 (8th Cir. 1996). In certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., 545 U.S. at 312. There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Grable & Sons Metal Prods., 545 U.S. at 314 (internal citations omitted). In order to determine whether a case falls within the small and special cases falling within the "arising under" category, the relevant analysis is as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., 545 U.S. at 314; Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d. 904, 912 (8th Cir. 2009)(*citing* Grable & Sons Metal Prods., *supra.*).

Plaintiff contends that Count III presents solely a claim under Missouri state law: "negligence per se". Plaintiff contends that the reference to HIPAA is simply to provide the standard of care by which to adjudge the defendant's actions. Defendant counters that Count III may be entitled "negligence per se" but in reality is a claim for violation of HIPAA, which is impermissible under federal law.

There is no dispute that plaintiff has pleaded the elements of a claim for "negligence per se". The elements of a claim for "negligence per se" under Missouri law are: 1) violation of a statute or ordinance; 2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of was of the kind the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance was the proximate cause of the injury. Lowdermilk v. Vescovo Building & Realty Co., 91 S.W.3d. 617, 628 (Mo.App. 2002); *see also*, Midkiff, et. al. v. 3M Company, et. al., 2011 WL 181318, *4 (E.D.Mo. January 19, 2011). In Count III, plaintiff pleads the elements of "negligence per se" by asserting that:

> "44. I.S. was under the medical care of the Defendant for treatment of colon cancer.
> 45. The Defendant is a covered entity for purposes of the Health Insurance Portability and Accountability Act (`HIPAA').
> 46. Plaintiff I.S. is a member of the class HIPAA was created to protect.
> 47. Plaintiff I.S.'s medical records are the type of information HIPAA was created to protect.
> 48. HIPAA was created to protect against the inappropriate disclosure of an individual's health information.
> 49. The Defendant gave protected medical information to I.S.'s employer without I.S.'s written consent or authorization.

5

> 50. The Defendant gave protected medical information to I.S.'s employer without I.S.'s oral consent or authorization.
> 51. The information disclosed to I.S.'s employer included information about I.S.'s HIV status and mental health issues.
> 52. The Defendant's disclosure of I.S.'s medical information without consent or authorization is a violation of HIPAA."

Plaintiff's Amended Complaint [5], pgs. 5-6.

Plaintiff contends that the decision in <u>K.V. & S.V. v. Women's' Healthcare Network</u>, *supra.* is dispositive on this issue of whether "negligence per se" claim referencing HIPAA "arises under" federal question jurisdiction. This Court finds that <u>K.V. & S.V. v.Women's Healthcare Network</u> is limited to its facts, and not dispositive of the instant matter. However, as a Missouri federal court opinion touching on the subject matter, it is applicable and should be given serious consideration by this Court.

In <u>Women's Healthcare Network</u>, the plaintiff's claim for "negligence per se" was based clearly upon alleged violations of §491.060 R.S.Mo. and HIPAA. The Court found that the reference to HIPAA was not enough to invoke federal question jurisdiction and more importantly, "it is not clear that resolution of Count IX **[the "negligence per se" claim]** *necessarily* depends on resolution of a substantial question of federal law as it states an alternative state-law based theory of recovery that does not depend on resolution of a federal question at all." <u>Id.</u>, at *1. Citing only <u>Merrill Dow Pharms.</u>, 478 U.S. at 813 for the general proposition that a state law claim based on a violation of a federal law that lacks a private cause of action **may not** give rise to federal question jurisdiction (emphasis added), the Court found that Count IX did not invoke the federal courts' "arising under" jurisdiction and remanded the case to state court.

Three (3) recent Missouri cases addressed the issue as to whether the "reference" to a federal statute or set of federal regulations in a state-law claim for negligence, "negligence per se", or breach of fiduciary duty invoked federal question jurisdiction. In <u>Taylor v. Lewis</u>, 2011

6

WL 743747 (E.D.Mo. February 23, 2011), the Court found that a plaintiff's action for personal injuries against her landlord did not invoke federal question jurisdiction despite the subject lease being a "HUD lease". The Court found that plaintiff's complaint only stated a tort action based upon the lease between herself and her landlord, not HUD. Furthermore, the Court found that the HUD regulations which the defendant contended were implicated by the plaintiff's claim of negligence simply defined the standard of care defendant owed the plaintiff under a HUD lease. The Court held that no substantial federal question was presented by the implication of the HUD regulations because "any reference to the HQS by the Missouri courts in this case would only be `a standard upon which to measure defendant[`s] negligence, not necessarily [an] assertion that defendant violated the [federal regulations] and should be liable." Taylor v. Lewis, at *4 *citing* Connolly v. Union Pacific R.R., 453 F.Supp.2d. 1104, 1110 (E.D.Mo. 2006).

In Julien v. Meyers, 2009 WL 1382953 (E.D.Mo. May 14, 2009), the plaintiff brought a multicount action against various officers of the St. Louis Metropolitan Police Department, as well as the wife of one of the defendant officers. In his "negligence per se" claim, the plaintiff alleged that the defendants' conduct violated the Fourth and Fifth Amendments, state statutes, and various city ordinances relating to police officers. Julien, at *4. The Court found that federal law did not create plaintiff's causes of action, including his claim for "negligence per se". The Court held that

> "[P]laintiff expressly pleaded the elements of state common law claims in his Petition and did not plead federal causes of action. A violation of the federal constitution is not an essential element of plaintiff's negligence per se claim. Plaintiff's limited references to the Fourth and Fifth Amendments in his Petition do not present a disputed and substantial question of federal law sufficient to establish federal jurisdiction on removal, and there is no assertion that plaintiff's claims cannot be resolved with state law."

7

Julien, at *4. Having found no federal question jurisdiction, the Court remanded the case to state court. Julien, *supra.*

In Henderson v. Jordan, 2009 WL 2168692 (E.D.Mo. 2009), the plaintiff brought a shareholder derivative action alleging state law claims of breach of fiduciary duty, unjust enrichment, and waste. The defendants contended that plaintiff's claims arose under federal question jurisdiction because the plaintiff's complaint asserted that the defendants made false and misleading statements in SEC filings, and that the only duty of care by which to adjudge the defendants's actions were those imposed by federal securities laws. The Court found that the defendants were in error because the plaintiff's claims were based upon plaintiff's belief that defendants had allegedly paid themselves excessive compensation, and resolution of the state law claims did not depend on federal securities law. The Court found that claims for breaches of the duties of care, good faith, and loyalty are not only imposed by federal law, but also by state common law. Thus, the Court held that "[B]ecause plaintiff asserts state law claims independent of any federal securities laws, the petition does not include claims created by federal law, and the interpretation of federal law is not a necessary and substantial element in resolving plaintiff's state law claims, plaintiff's claims do not arise under federal law." Henderson, at *2. The Court remanded the case to state court.

Finally, a Tennessee district court reviewed a similar situation as the one giving rise to the instant litigation. In Harmon, et. al. v. Maury County, Tennessee, et. al., 2005 WL 2133697 (M.D.Tenn. August 31, 2005), the plaintiffs sued defendant Express Scripts (among others) for disclosing Mrs. Harmon's prescription drug records, without authorization, to a third party. The plaintiffs asserted state law claims, including a claim for negligence per se based upon a violation of HIPAA. Defendant Express Scripts removed the case to federal court contending that the

plaintiffs' claims based upon HIPAA were federal law claims, and removal was proper under 28 U.S.C. §1331 (the federal question statute). Harmon v. Maury County, Tenn, at *1. Plaintiffs sought remand arguing that their reliance upon HIPPA did not convert their state law claim into a federal law claim nor does their state law claim for negligence per se present a substantial federal question.

Upon reviewing Merrill Dow Pharmaceuticals, *supra.* and Grable & Sons Metal Products, *supra.*, the Court found that HIPPA's provisions do not completely preempt state law and expressly preserve state law that are not inconsistent with its terms. Harmon v. Maury County, Tenn., at *3. It further found that in Grable, the Supreme Court had specifically noted that state law claims in the state courts are often based upon a federal regulation; and not unusual for the breach of a federal statute to support a negligence per se claim as a matter of state law. Harmon v. Maury County, Tenn., at *3 *citing* Grable, *supra.* The Tennessee District Court held that Congress did not provide an exclusive federal remedy under HIPAA and that HIPAA does not completely preempt state law. Furthermore, "[t]here is no compelling federal interest nor is a substantial federal question presented. Plaintiffs claims fall within that broad class of state law claims based on federal regulations in the state court, as described in *Grable*." Harmon v. Maury County, Tenn., at *4. The Court remanded the case to state court.

Upon review of the relevant caselaw, the Court finds that plaintiff's claim for "negligence per se" as contained in Count III of the plaintiff's amended complaint does not raise any compelling federal interest nor is a substantial federal question presented. Although HIPAA is clearly implicated in the claim for negligence per se, said claim "fall]s] within that broad class of state law claims based on federal regulations in the state court, as described in *Grable*."

9

Given the Court's findings, the Court elects not to exercise supplemental jurisdiction over the state law claims as contained in the plaintiff's amended complaint. A federal district court has discretion to decline jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Barstad v. Murray County, 420 F.3d. 880, 888 (8th Cir. 2005)(*quoting* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988)); *see also*, Quinn v. Ocwen Fed. Bank FSB, 470 F.3d. 1240, 1248-49 (8th cir. 2006). Plaintiff's claims are better suited for a state court to address. This Court believes that the state court will adjudicate these claims, both factually and legally, with the utmost fairness and efficiency. Thus, the Court will remand the plaintiff's amended complaint to the Circuit Court for the City of St. Louis.[3]

Dated this  14th  day of June, 2011.

*/s/ Stephen N. Limbaugh, Jr.*
_____
UNITED STATES DISTRICT JUDGE

---

[3] As for the defendant's pending motion to strike Counts II and IV of the plaintiff's amended complaint [8], the Court is confident that the state court can properly address the merits of this motion.